UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD CRAVEN,

    Plaintiff,                                    Case No. 1:04-cv-428

v                                               Hon. Wendell A. Miles

LITTON LOAN SERVICING, LP,
and MICHIGAN HOME FINANCE

    Defendants.

_____/

ORDER

    Plaintiff Clifford Craven filed this *pro se* action accusing defendants Litton Loan Servicing, LP ("Litton") and Michigan Home Finance of numerous violations of federal law, allegedly arising from a real estate mortgage and note which plaintiff executed on April 14, 2003. On November 24, 2004, the court entered an order dismissing Michigan Home Finance from the action without prejudice based on plaintiff's failure to make timely service on that defendant pursuant to Fed.R.Civ.P. 4(m). On September 23, 2005, the court issued an Opinion and Order granting in part and denying in part Litton's motion for summary judgment. The only claims which remain in this action are plaintiff Craven's claims against Litton for damages under the Truth in Lending Act and a federal claim of usury.

    The case came before the court for a scheduled final pretrial conference on December 20, 2005. At that time, plaintiff failed to appear. Instead, two persons, Barbara Strobl and Michael Cassin, appeared, bearing what purported to be a written durable power of attorney authorizing

them to make an appearance on plaintiff's behalf in this action. Neither Ms. Strobl nor Ms. Cassin is an attorney. Counsel for defendant Litton also appeared at that time. No proposed joint final pretrial order had been or has been submitted as required by the court's Case Management Order entered on December 22, 2004. Litton, through counsel, represented that the parties might be able to settle the case, but for her inability to contact plaintiff for purposes of executing a written settlement.

It is not acceptable for plaintiff to send a layperson to act in his behalf before this court. Although the Local Rules of this district authorize a party to proceed in pro per, any other person must be a licensed attorney and a member in good standing of the bar of this court to practice in this court or to hold himself or herself out as being authorized to practice in this court. W.D. Mich. L. Civ. R. 83.1(i). In addition, Fed.R.Civ.P. 11(a) requires all papers filed in an action to be signed by an attorney of record, or, if the party is not represented by an attorney, signed by the party.

Fed.R.Civ.P. 16(f) provides as follows:

> **(f) Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Sanctions available under Fed.R.Civ.P. 16(f) therefore include dismissal of the action, permitted

under Fed.R.Civ.P. 37(b)(2)(C).

Fed.R.Civ.P. 41(b) provides as follows:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Although Fed.R.Civ.P. 41(b) expressly authorizes a defendant to move for dismissal of an action, the rule also "recognizes the power of the district court to enter a *sua sponte* order of dismissal." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991) (citations omitted). Although there is a preference that claims be adjudicated on their merits, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." Id. at 110.

Approximately one year ago, on December 21, 2004, plaintiff failed to appear for a Rule 16 scheduling conference. Plaintiff later explained that he had provided an incorrect address on his complaint, and he was permitted to proceed with the action. Plaintiff has on at least three occasions since that time sought extensions and/or continuances of case deadlines. Plaintiff's failure to participate in the preparation of a proposed final pretrial order and to appear for the final pretrial conference on this date are therefore only the latest instances in which plaintiff has failed to diligently prosecute his case.

Based on the foregoing, IT IS THEREFORE ORDERED as follows:

1. The final pretrial conference is rescheduled to **January 5, 2006, at 2:30 p.m.** before the Hon. Wendell A. Miles, 236 Federal Building, 110 Michigan N.W., Grand Rapids, Michigan.

Plaintiff's failure to appear at that time, *either in person or through authorized, licensed counsel with full settlement authority*, may and will lead to the entry of an order of dismissal with prejudice and with sanctions as provided by Fed.R.Civ.P. 16(f) and/or 41(b).

    2.  If the parties, including plaintiff either in person or through counsel, indicate at the time of the rescheduled final pretrial conference that they are prepared to enter a final settlement of the action, the conference shall be converted to a settlement conference and a settlement will be entered on the record.  If the parties are not prepared to enter a final settlement of the action, they will be prepared to participate meaningfully in a pretrial conference.  Failure to be so prepared may and will result in the imposition of sanctions including dismissal under Fed.R.Civ.P. 16(f).

    Ordered this 21st day of December, 2005.

    /s/ Wendell A. Miles
    Wendell A. Miles
    Senior U.S. District Judge